## ERSHOWSKY v. ERSHOWSKY.

Circuit Court, Dade County.
May 1, 1952.
May 21, 1952.

————•————

Breger, Sulzberger & St. Jean, Miami Beach, for plaintiff.

Sandler & Wolff, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

Order, May 1: This case is at issue and ready for trial and (pursuant to Rule 32 (c)[1] of the Common Law Rules) is set for trial on June 12, 1952, at 10 o'clock in the forenoon, before the undersigned judge and a jury, in the courtroom in which the undersigned judge shall then be presiding.

The clerk of the court is directed to give to the attorneys of record for the parties the fifteen days' notice required by the mentioned rule by transmitting to each of such attorneys a copy of this order.

---

*It is hereby certified that on May 1, 1952, a true copy of the foregoing order was mailed to each of the following named attorneys of record: Messrs. Breger, Sulzberger & St. Jean, 235 Lincoln Road, Miami Beach 39, Florida; and Messrs. Sandler & Wolff, Ingraham Building, Miami 32, Florida.*

*May 1, 1952.*            E. B. LEATHERMAN, *Clerk*

                          *By L. A. Moore,*
*S E A L*                  *Deputy Clerk*

Opinion and order, May 21: At the pretrial conference the question whether or not the requisite jurisdictional amount is involved in the action was discussed and considered.

The civil court of record of this county has original jurisdiction of all cases at law where the matter in controversy, exclusive of interest and costs, does not exceed $5,000.

There are two independent and unrelated claims asserted by the plaintiff. The claim asserted in his first count, exclusive of interest and costs, is for $5,000. It clearly does not *exceed* $5,000. The claim asserted in the second count, exclusive of interest and costs, is for only $543.27.

The two independent and unrelated claims may not be aggregated to invoke the jurisdiction of this court.

The action is therefore dismissed, without prejudice, at the plaintiff's cost.

---

[1] Any case ready for trial, whether arriving at issue before or during the term, after fifteen days' notice by any attorney of record or the clerk of the court may at the discretion of the court be set for trial.